**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DEBRA BROWN,

      Plaintiff,

v.                                                                      Case No. 11-14800
                                                                        Hon. Lawrence P. Zatkoff

KLEEN-TECH SERVICES CORPORATION,
ONLINE CAFÉ, d/b/a Online Café Bar and Grill,
WAYNE COUNTY AIPORT AUTHORITY,
JOHNSON CONTROLS, INC., DELTA AIRLINES,
INC., and MIDFIELD CONCESSION ENTERPRISES,
INC., d/b/a Sora Restaurant and Sora Japanese Cuisine &
Sushi Bar,

      Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on September 19, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendants Johnson Control, Inc. and Kleen-Tech Services

Corporation's Motion for Summary Judgment [dkt 56].  The motion has been fully briefed.  The Court

finds that the facts and legal arguments are adequately presented in the parties' papers such that the

decision process would not be significantly aided by oral argument.  Therefore, pursuant to E.D. Mich.

L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted.  For the

following reasons, Defendants' motion is GRANTED in part and DENIED in part.

## II. BACKGROUND

**A. FACTUAL BACKGROUND**

On December 23, 2009, Plaintiff Debra Brown ("Plaintiff") flew on Defendant Delta Airlines, Inc. ("Delta") from North Carolina to Detroit to watch her son—then a power forward with the Detroit Pistons—play basketball. Plaintiff arrived at Gate 28A at the McNamara Terminal. Plaintiff exited the airplane, proceeded past the gate entrance, and began walking on the terminal's concourse main-way. Plaintiff's vision was affixed upward, as she was searching for directions to the baggage claim area. Plaintiff states that the terminal was crowded with holiday travelers.

After a few steps, Plaintiff slipped and fell on a liquid substance—supposedly deep-fryer oil or grease—spilled on the terminal floor by an employee of Defendant Midfield Concession Enterprises, Inc. ("Defendant Midfield").[1] A member of Defendant Kleen-Tech Services Corporation's ("Defendant Kleen-Tech") janitorial staff and an unknown passerby helped Plaintiff from the ground shortly after the fall. During her deposition, Plaintiff described the liquid as a "puddle" and, though she did not see the liquid before falling, admitted to visualizing the substance before she was on her feet.

Defendant Kleen-Tech's employee and the passerby escorted Plaintiff to a seating area off the main-way. Plaintiff was told by the employee that two other travelers had slipped on the same liquid substance, but that Plaintiff was the first to fall. A supervisor from Defendant Kleen-Tech was called to the area and offered to obtain medical assistance for Plaintiff. At the time of the incident, Plaintiff felt that she did not require assistance and eventually walked away.

Plaintiff claims that, as a result of her slip and fall, she sustained injuries to her right hand, wrist, ankle, foot, and knee, the last of which required surgery.

---

[1] The spill expanded from Gates 24A–34A.

**B. CONTRACTUAL RELATIONSHIP**

Defendant Delta leases the McNamara Terminal from Defendant Wayne County Airport Authority ("Defendant WCAA"). Pursuant to the lease terms, Defendant Delta agreed to furnish janitorial services at the McNamara Terminal. Defendant Delta contracted with Defendant Johnson Controls, Inc. ("Defendant JCI") to provide janitorial and maintenance services. In turn, Defendant JCI subcontracted with Defendant Kleen-Tech to provide those services.

**C. PROCEDURAL HISTORY**

On September 20, 2011, Plaintiff filed this action in Wayne County Circuit Court. Defendants timely removed the matter to this Court on October 31, 2011.

Plaintiff's third amended Complaint asserts the following causes of action against Defendants: (1) premises liability; (2) negligence; (3) nuisance *per se*; (4) nuisance in-fact; (5) negligent nuisance; and (6) public nuisance. The parties stipulated to dismiss Defendant Online Café on July 12, 2012, and Defendants WCAA and Delta on August 15, 2012.[2]

Defendants JCI and Kleen-Tech filed the instant motion requesting that the Court grant summary judgment in their favor on all of Plaintiff's claims.

### III. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[T]he plain language of Rule 56[] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). A party must support its assertions by:

---

[2] Defendant Midfield still remains a party to this suit and did not file a dispositive motion.

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

The moving party bears the initial burden of demonstrating the absence of any genuine dispute as to a material fact, and all inferences should be made in favor of the nonmoving party. *Celotex*, 477 U.S. at 323. The moving party discharges its burden by "'showing'–that is, pointing out to the district court– that there is an absence of evidence to support the nonmoving party's case." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citing *Celotex*, 477 U.S. at 325)).

Once the moving party has met its initial burden, the burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## IV. ANALYSIS

Defendants JCI and Kleen-Tech's motion is grounded on three fronts: that Plaintiff's premises liability claim is precluded by the open and obvious doctrine and, in any event, the special aspects exception is inapplicable here; that Plaintiff's negligence claim fails because Plaintiff cannot establish that Defendants JCI and Kleen-Tech breached any duty owing to Plaintiff; and that Plaintiff's nuisance claims should be dismissed because Plaintiff cannot establish that the presence of liquid on the terminal floor

constituted a nuisance.  On these bases, Defendants JCI and Kleen-Tech argue that no reasonable juror could find for Plaintiff on any of her claims.

In response, Plaintiff first argues that the special aspects exception to the open and obvious doctrine applies to the extent that the liquid substance presented an unavoidable or unreasonably dangerous hazard.  Plaintiff next asserts that the open and obvious doctrine is not a defense to Plaintiff's ordinary negligence claim and, consequently, Defendants JCI and Kleen-Tech's failure to remedy the spilled liquid within a reasonable amount of time equates to a breach of duty.  And finally, Plaintiff argues that the premises were "defective, dangerous, unsafe, and hazardous," such that a nuisance was created.

## A. PREMISES LIABILITY

To prove premises liability, a plaintiff must establish the following elements: (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages."  *Moning v. Alfono*, 400 Mich. 425, 437 (1977).  With respect to the duty element, "the general rule is that a premises possessor 'owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land.'"  *Lawrence v. U.S.*, 679 F. Supp. 2d 820, 825 (E.D. Mich. 2010) (*citing Lugo v. Ameritech Corp.*, 464 Mich. 512, 516 (2001)).  As with negligence cases generally, duty is a question for the court to decide.  *Moning*, 400 Mich. at 438.  The parties do not dispute (1) that Defendants JCI and Kleen-Tech possessed and controlled the premises at issue here, or (2) that Plaintiff was an invitee on the premises at the time of the incident.

### i. Open and Obvious

"[W]here the dangers are known to the invitee or are so obvious that the invitee might reasonably be expected to discover them, an invitor owes no duty to protect or warn the invitee unless he should anticipate the harm despite knowledge of it on behalf of the invitee."  *Wasaya v. United Artist Theatre Circuit, Inc.*, 205 F. Supp. 2d 756, 759 (E.D. Mich. 2002) (citation omitted).  "To determine if a danger is

open and obvious, the relevant inquiry is whether 'an average user with ordinary intelligence [would] have been able to discover the danger and the risk presented upon casual inspection.'" *Id.* at 759 (*citing Novotney v. Burger King Corp.*, 198 Mich. App. 470, 475 (1993)). "This is an objective standard, calling for an examination of 'the objective nature of the condition of the premises at issue, not on the subjective degree of care used by a specific plaintiff.'" *Hoffner v. Lanctoe*, 492 Mich. 450, 462 (2012) (*citing Lugo*, 464 Mich. at 523–24)). Thus, whether the plaintiff actually discovered the danger is irrelevant. *Novotney*, 198 Mich. App. at 475.

If there are "special aspects" of a condition, however, that make even an open and obvious hazard "unreasonably dangerous," or "effectively unavoidable," the premises possessor maintains a duty to undertake reasonable precautions to protect invitees from such danger. *Lugo*, 464 Mich. at 517. Nonetheless, the Michigan Supreme Court recently cautioned that the special aspects exception is "narrow," and is reserved for conditions "that present[] a risk of harm so unreasonably high that its presence is inexcusable[.]" *Hoffner*, 492 Mich. at 462.

As a threshold matter, the Court must determine if the presence of the liquid substance on the terminal floor was open and obvious. In recent years, Michigan courts have diverged in their application of the term "casual inspection."

In *Kennedy v. Great Atlantic & Pacific Tea Co.*, 274 Mich. App. 710 (2007), the Michigan Court of Appeals held that "the slipping hazard imposed by . . . crushed grapes or grape residue" was an open and obvious danger. In that case, a shopper slipped on fallen grapes. Because the shopper and several other people all noticed the grapes or residue once they actually looked at the floor, the court found that the shopper would have noticed the potentially hazardous condition "had he been paying attention." *Id.* at 182.

Similarly, a panel of the court of appeals concluded that a puddle of liquid in a car dealership's service area was open and obvious in *Brooks v. Bruce Campbell Dodge, Inc.*, No. 293039, 2010 WL 379228 (Mich. Ct. App. Sept. 23, 2010). There, the plaintiff slipped and fell in a puddle of water while getting out of her SUV in the service area of the dealership. *Id.* at *1. The court found the presence of the liquid puddle in the service area "neither unusual nor unforeseeable." *Id.* Further, if "casual inspection is to mean anything," the court reasoned, the plaintiff should have at least looked before stepping down from her SUV and, in doing so, she would have discovered the condition. *Id.*

Yet, most recently in *Pernell v. Suburban Motors Co.*, No. 308731, 2013 WL 1748573 (Mich. Ct. App. April 23, 2013) (per curiam), a case involving a slip and fall on water at an automobile dealership, the court of appeals provided two explanations as to why the water accumulation *did not* constitute an open and obvious danger. First, "defendant presented no evidence that typical service bay areas have accumulations of liquid on the floor of which customers should be aware[,]" nor should customers have that "expectation." *Id.* at *2. Second, the defendant failed to support its claim that had the plaintiff "looked where she was walking, she would have discovered the accumulation of liquid." *Id.* at *3.

The Sixth Circuit also recently addressed the open and obvious doctrine in *Matteson v. Northwest Airlines, Inc.*, 495 F. App'x 689 (6th Cir. 2012), a case with strikingly similar facts to the instant suit. In *Matteson*, the plaintiff slipped and fell on a liquid substance while looking for her gate in the airport terminal. The plaintiff testified that she did not see the substance before she fell. Distinguishing situations involving "a stair step," the court found that a clear spill on an airport floor was not "the type of everyday occurrence people [regularly] encounter," and therefore the liquid failed to automatically qualify as an open and obvious danger. *Id.* at 693. Further, because neither plaintiff nor any of the witnesses saw the substance prior to plaintiff's fall, there remained a question of fact as to whether the substance was

7

easily visible *or* was noticed only because the plaintiff had "disturbed, and called attention to," the substance by falling. *Id.* at 694.

Defendants JCI and Kleen-Tech principally argue that both Plaintiff's inattention and her discovery of the liquid substance after she fell compel a finding that the danger was open and obvious. The Court finds this argument without merit.

First, *Lugo's* edict is clear insofar as the open and obvious determination focuses "not on the subjective degree of care used by a specific plaintiff[,]" but rather "on the objective nature of the condition of the premises at issue." 464 Mich. at 523–24. *See also Pernell*, 2013 WL 1748573, at *3. The fact that Plaintiff's eyes were affixed upward in an attempt locate the baggage claim area does not, by itself, preclude application of the open and obvious doctrine. Additionally, the cases Defendants cite in support of their inattention argument all involved circumstances that are factually distinguishable from the instant case. *See Berisaj v. Murray*, no. 297130, 2011 WL 2651963 (Mich. Ct. App. July 7, 2011) (holding that "casual inspection" of a descending step by an average user with ordinary intelligence includes looking down at the step); *Green v. Tryko Holdings, LLC*, no. 296599, 2011 WL 682988 (Mich. Ct. App. Feb. 24, 2011) (holding that an average user of ordinary intelligence would have inspected the ground immediately before stepping off of a concrete slab onto a descending step).

Second, Defendants JCI and Kleen-Tech's position that the liquid substance must be considered open and obvious because Plaintiff saw it after she fell is unsupported by legal authority and not well-taken. Again, the inquiry is whether the condition was noticeable upon an average user's casual inspection—it is irrelevant if the specific invitee (in this case, Plaintiff) actually observed the condition before falling. There is no evidence before the Court that the liquid substance was seen by anyone *prior* to Plaintiff's slip and fall. Moreover, Plaintiff testified that the liquid appeared to be "clear." Whether Plaintiff or any witnesses could see the substance only because Plaintiff had "disturbed, and called

8

attention to, the spill" by slipping and falling, or because the substance was indeed easily visible is debatable. *See Matteson*, 495 F. App'x at 694. In fact, Plaintiff's testimony reveals that (1) she could not see the substance from the sitting area where she was escorted after falling, and (2) she was informed by the employee of Defendant Kleen-Tech that assisted her from the ground that two other individuals had slipped on the same substance prior to Plaintiff's fall. These two facts lend credence to the view that the liquid substance was visible only because Plaintiff disturbed it. Accordingly, there remains a question of fact as to whether an average user of ordinary intelligence could have discovered the hazard upon casual inspection.[3]

## B. ORDINARY NEGLIGENCE

In order to establish a prima facie case of negligence, a plaintiff must present admissible evidence sufficient to prove: (1) defendant owed a duty to plaintiff; (2) defendant breached the duty owed; (3) defendant's breach was a proximate cause of plaintiff's injury; and (4) plaintiff suffered damages. *Berryman v. Kmart Corp.*, 193 Mich. App. 88, 91–92 (1992).

Plaintiff alleges—albeit vaguely—that Defendant Kleen-Tech failed to remedy the spilled liquid substance within a reasonable period of time. Yet, aside from this conclusory statement, Plaintiff fails to offer summary judgment evidence—for example, citations to depositions, documents, affidavits, etc.— demonstrating when the spilled occurred, when Defendant Kleen-Tech became apprised of the situation, or that Defendant Kleen-Tech took an unreasonable amount of time before commencing remedial action. *See* Fed. R. Civ. P. 56(c)(1)(a). Moreover, Plaintiff confusingly provided three separate stories at her deposition when asked if Defendant Kleen-Tech was remedying the spill at the time she fell:

> Q.    And you do know that the individual from [Defendant] Kleen-Tech was at your side at the time you fell within a minute, so he had to have been there at the time?
>
> A.    Yes.

---

[3] Because the Court concludes that the liquid substance was not open and obvious at a matter of law, the Court will not address the "special aspects" exception to the doctrine.

> Q.     And when you looked up after you fell, did you see other individuals from [Defendant] Kleen-Tech at that time?
>
> A.     Yes.
>
> ***
>
> Q.     So do you know if anyone in that photograph[4] came to the scene after you fell or whether they were there to begin with?
>
> A.     I have no idea.
>
> ***
>
> Q.     When they picked you up, you saw the [employee] who helped you up?
>
> A.     And talked with him.
>
> Q.     Did you see other individuals who were in janitorial uniforms in the area?
>
> A.     Not at that time.

Dkt. 56, Ex. A, pp. 42–43, 93, 109.

Contrastingly, Defendant Kleen-Tech asserts that one of its employees—after first observing the liquid—"immediately dispatched"[5] a cleaning crew to resolve the spill. Defendant Kleen-Tech then placed three yellow "Wet Floor" signs in the area. As a further precaution, Kleen-Tech employees verbally warned passengers exiting from Plaintiff's gate of the spilled liquid. Thus, there is nothing in the record to indicate the Defendants JCI or Kleen-Tech negligently failed to take reasonable measures within

---

[4] After she was helped from the floor to the seating area in the terminal, Plaintiff took photographs with her cellular phone that depict the area in which she fell. The photographs reveal a cleaning crew mopping the terminal floor and the placement of at least one wet floor sign.

[5] Attached to Plaintiff's response brief as exhibit A is a message report and work order generated by Defendants JCI and Kleen-Tech regarding the spill clean-up. The documents indicate, among other things, that the clean-up started at 9:50 a.m. and ended at 12:00 p.m. Neither party cited to, or apprised the Court of, this information and therefore the Court need not consider it under Fed. R. Civ. P. 56(c)(3). Moreover, neither party provides sworn testimony by way of deposition or affidavit verifying the accuracy of these times.

a reasonable time after the spill to diminish the hazard.[6]  As such, no reasonable juror could find that

Defendants JCI and Kleen-Tech breached their duty of care to Plaintiff.

## C. NUISANCE

"The essential element of a nuisance is a wrongful, *continuing*, impending danger to the lives or

health of the public, or to the legitimate property or personal rights of private persons . . . ."  *Ypsilanti*

*Charter Twp. v. Kircher*, 281 Mich. App. 251, 276 (2008) (citation omitted) (emphasis added).  Initially,

Plaintiff fails to establish that the presence of the liquid substance on the terminal concourse main-way

was, in fact, continuing.  Plaintiff's testimony and the photographs attached to her response brief illustrate

that Defendant Kleen-Tech's employees were cleaning the area—at the very latest—moments after

Plaintiff's fall.  In the interests of justice, however, the Court will continue its analysis below.[7]

Michigan law recognizes two types of nuisance: public and private.  *See Cloverleaf Car Co. v.*

*Philips Petroleum Co.*, 213 Mich. App. 186, 190–93 (1995).  An actor is

> subject to liability for private nuisance for a nontrespassory invasion of
> another's interest in the private use and enjoyment of land if (a) the other
> has property rights and privileges in respect to the use or enjoyment
> interfered with, (b) the invasion results in significant harm, (c) the actor's
> conduct is the legal cause of the invasion, and (d) the invasion is either (i)
> intentional and unreasonable, or (ii) unintentional and otherwise
> actionable under the rules governing liability for negligent, reckless, or
> ultrahazardous conduct.

*Id.* at 193 (*quoting Adkins v. Thomas Solvent Co.*, 440 Mich. 293, 304 (1992)).  Here, Plaintiff fails to

allege an invasion of her property.  The premises at issue are owned by Defendant WCAA and leased to

Defendant Delta.  Thus, to the extent that Plaintiff's complaint asserts a private nuisance claim, this claim

must be dismissed.

---

[6] As recounted in Section IV(A)(i), Plaintiff was informed by a Defendant Kleen-Tech employee that two other
individuals had previously slipped on the liquid substance.  But, Plaintiff cites to nothing in the record to infer when
these individuals had slipped.  In other words, these individuals could have slipped only moments before Plaintiff.
[7] Remarkably, Plaintiff does not address—much less refute—Defendants' argument on this point in her response
brief.

On the other hand, it appears Plaintiff's allegations can be more accurately described as claims sounding in public nuisance. A public nuisance is an unreasonable interference with a common right enjoyed by the general public. "Unreasonable interference" means "conduct that (1) significantly interferes with the public's health, safety, peace, comfort, or convenience, (2) is proscribed by law, or (3) is known or should have been known by the actor to be of a continuing nature that produces a permanent or long-lasting, significant effect on these rights." *Cloverleaf*, 213 Mich. App. at 190 (*citing Wagner v. Regency Inn Corp.*, 186 Mich. App. 158, 163 (1990)). A private citizen may proceed under a theory of public nuisance against an actor so long as the individual can show that he suffered a type of harm different from that of the general public. *Adkins*, 440 Mich. at 306, n. 11.

In similar vein, Plaintiff's response brief wholly fails to demonstrate that she "suffered a type of harm different from that of the general public." Consequently, Plaintiff's public nuisance claim fails on this basis alone. Nevertheless, even assuming, *arguendo*, that Plaintiff illustrated such a "different" harm, the Court finds that Plaintiff's public nuisance claim cannot withstand summary judgment.

Public nuisance claims can be distilled into either nuisance *per se* or nuisance in fact actions. *Bluemer v. Saginaw Central Oil & Gas Serv., Inc.*, 356 Mich. 399, 411 (1959). "A nuisance [*per se*] . . . is an act, occupation, or structure which is a nuisance at all times and under any circumstances, regardless of location or surroundings." *Id.* Although Plaintiff summarily asserts otherwise, the spilled liquid cannot constitute a nuisance *per se* "at all times and under any circumstances." Simply put, if the area of the McNamara terminal where the liquid spilled was, for example, closed to the public for remodeling, the existence of spilled liquid in that area certainly would not be "unreasonably interfering" with the public's health or safety. *See Johnson v. Tilton*, no. 232374, 2002 WL 31310160, at *4–5 (Mich. Ct. App. Oct. 15, 2002). Accordingly, any attempt by Plaintiff to label the liquid substance in this case as a nuisance *per se* is misplaced.

The Court turns next to whether the spilled substance was a public nuisance in fact.  Unlike nuisance *per se*, an act may be found to be a nuisance in fact when, "by reason of circumstances and surroundings," its natural tendency is to create danger and inflict injury on a person or property.  *Martin v. Michigan*, 129 Mich. App. 100, 108 (1983).  There are two types of nuisance in fact: negligent and intentional.  A negligent nuisance in fact is "one that is created by the landowner's negligent acts, that is, a violation of some duty owed to the plaintiff which results in a nuisance."  *Wagner*, 186 Mich. App. 164.

Here, Plaintiff's negligent "nuisance" allegations mirror that of her negligent claims.  That is, Plaintiff argues that Defendants JCI and Kleen-Tech's failure to remedy the spilled substance within a reasonable amount of time constitutes a negligent nuisance in fact.  Yet, as the Court found in Section IV(B), *supra*, Plaintiff does not present sufficient evidence demonstrating that Defendants JCI and Kleen-Tech breached any duty of care to Plaintiff.  For the same reasons, the Court concludes that Defendants JCI and Kleen-Tech did not violate a "duty owed to [Plaintiff] which result[ed] in a nuisance."

In short, the Court finds Plaintiff's nuisance claims to be devoid of merit and grants summary judgment to Defendants JCI and Kleen-Tech.

## V. CONCLUSION

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that Defendants JCI and Kleen-Tech's Motion for Summary Judgment [dkt 56] is GRANTED in part and DENIED in part.

Defendants JCI and Kleen-Tech's motion is granted to the extent that Plaintiff's negligence and nuisance claims are DISMISSED WITH PREJUDICE as to Defendants JCI and Kleen-Tech.

Defendants JCI and Kleen-Tech's motion is denied to the extent that Plaintiff's premises liability claim raises genuine issues of material fact and may proceed against Defendants JCI and Kleen-Tech.

IT IS SO ORDERED.                               s/Lawrence P. Zatkoff
                                                U.S. District Judge
                                                Dated:  September 19, 2013

13