UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA BROWN,

    Plaintiff,

v.                                                                                Case No. 11-14800
                                                                              Hon. Lawrence P. Zatkoff

KLEEN-TECH SERVICES CORPORATION,
ONLINE CAFÉ, d/b/a Online Café Bar and Grill,
WAYNE COUNTY AIPORT AUTHORITY,
JOHNSON CONTROLS, INC., DELTA AIRLINES,
INC., and MIDFIELD CONCESSION ENTERPRISES,
INC., d/b/a Sora Restaurant and Sora Japanese Cuisine &
Sushi Bar,

    Defendants.
_____/

**<u>ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION</u>**

**I.  INTRODUCTION**

      This matter is before the Court on Defendants Kleen-Tech Services Corporation and Johnson Controls, Inc.'s Motion for Reconsideration [dkt 66]. Pursuant to E.D. Mich. L.R. 7.1(h)(2), a response to Defendants' motion is not permitted. As such, the Court finds that the facts and legal arguments are adequately presented in Defendants' motion and brief such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(h)(2), and 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the brief submitted. For the reasons set forth below, Defendants' motion is DENIED.

**II. BACKGROUND**

      Defendants' motion challenges the Court's September 19, 2013, Order denying in part Defendants' motion for summary judgment. In its September 19, 2013, Order, the Court found a question of fact as to whether the spilled substance in the airport terminal was open and obvious.

### III. LEGAL STANDARD

Local Rule 7.1(h) governs motions for reconsideration, stating that a "motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." E.D. Mich. L.R. 7.1(h)(1). "The court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). The same subsection further states, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A defect is palpable when it is "obvious, clear, unmistakable, manifest, or plain." *Chrysler Realty Co., LLC v. Design Forum Architects, Inc.*, 544 F. Supp. 2d 609, 618 (E.D. Mich. 2008).

### IV. ANALYSIS

Defendants' motion fails to state a palpable defect by which the Court has been misled. Rather, Defendants' motion presents issues that the Court has already ruled upon. *See* E.D. Mich. L.R. 7.1(h)(3). Further, the motion indicates only Defendants' disagreement with the Court's ruling. Such disagreement is not a proper premise on which to base a motion for reconsideration. *See, e.g.*, *Simmons v. Caruso*, No. 08-cv-14546, 2009 WL 1506851, at *1 (E.D. Mich. May 28, 2009); *Cowan v. Stovall*, No. 2:06-CV-13846, 2008 WL 4998267, at *2 (E.D. Mich. Nov. 21, 2008).

### V. CONCLUSION

Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED that Defendants' Motion for Reconsideration [dkt 66] is DENIED.

IT IS SO ORDERED.

Date:   October 17, 2013

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
U.S. DISTRICT JUDGE